Perry v. Commonwealth Of Virginia                                                                                               Doc. 3

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CALVIN PERRY,     ) | |
|     Plaintiff,     ) | Civil Action No. 7:08-cv-00193 |
|                   ) | |
| v.     ) | **MEMORANDUM OPINION** |
|                   ) | |
| COMMONWEALTH OF VIRGINIA,   ) | By: Hon. James C. Turk |
|     Defendant.     ) | Senior United States District Judge |

    Plaintiff Calvin Perry, a Virginia inmate proceeding <u>pro se</u>, originally brought this action in the General District Court for the City of Roanoke. He styles his pleading as a "complaint under the Virginia Tort Claims Act (VTCA), Virginia Code § 8.01-195.1, <u>et. seq.</u>" for negligent acts of employees of the Virginia Department of Corrections (VDOC), a state agency subject to suit under the VTCA. In the body of the complaint, he alleges that two corrections officers at Sussex State Prison II (Sussex II) negligently caused a bus accident in which Perry was physically injured and then failed to provide him with medical treatment for his injuries. The Clerk of the General District Court construed Perry's claims as alleging violations of his civil rights arising under federal and constitutional law and forwarded the complaint to this court for filing. Accordingly, the action was filed here as a civil rights complaint, pursuant to 42 U.S.C. § 1983. Upon review of the record, the court finds that the action must be dismissed, pursuant to 28 U.S.C. § 1915(g).

    As an initial problem, this district is not the appropriate venue in which Perry may proceed with a § 1983 action against officers at Sussex II for actions that occurred at Sussex II.[1] A civil

---

[1] Perry names the Commonwealth of Virginia as the defendant in this case. While this entity may be subject to suit under the VTCA in state court, it is well settled that a state cannot be sued under § 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule applies to state corrections facilities, as such entities are considered 'arms of the State' for Eleventh Amendment

Dockets.Justia.com

action (such as this one) where jurisdiction is not solely founded on diversity jurisdiction must be filed (1) in a judicial district where any defendant resides, if all defendants reside in the same state; (2) in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) a judicial district in which any defendant may be found, if the circumstances do not meet (1) or (2). 28 U.S.C. § 1391(b). The Sussex II prison facility is located in Waverly, Virginia, a town within the jurisdiction of the United States District Court for the Eastern District of Virginia. Therefore, to the extent that plaintiff wishes to pursue claims against these officers for the incidents at Sussex II in May 2007, he must do so in the Eastern District Court.

This court can transfer misfiled cases to the appropriate court if the interests of justice so require. In this case, however, Perry cannot proceed with a civil action in any federal court without prepayment of the $350.00 filing fee, as he has three strikes under 28 U.S.C. § 1915(g). Specifically, under § 1915(g),

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court takes judicial notice of the fact that Perry has had at least three civil actions or appeals dismissed as frivolous or for failure to state a claim. See Perry v. Bassett, Civil Action No. 7:04-cv-00241 (W.D. Va. May 13, 2004) (dismissed under §1915A); Perry v. Keefe

---

purposes." Id. at 70. In the complaint itself, however, Perry alleges that two Sussex II officers violated his rights, and these officers would be subject to suit under § 1983 in their individual capacities in the Eastern District Court for intentional deprivations of constitutional rights under color of state law. See Ex Parte Young, 209 U.S. 123, 155-56 (1908). In so saying, the court makes no finding as to whether Perry's allegations state possible constitutional claims against any individual officer(s).

2

Commissary Network Sales, Civil Action No. 7:00-cv-00890 (W.D. Va. March 1, 2001) (dismissed under §1915A); Perry v. Long, Civil Action 7:92-cv-00307 (W.D. Va. February 18, 1993) (court granted defendants' motion to dismiss, pursuant to Rule 12(b)(6), upon finding that plaintiff failed to allege facts stating any §1983 claims). Because Perry thus has three "strikes" within the meaning of §1915(g), he cannot proceed with this civil action or any other civil action in this court without prepayment of the $350.00 fee required for filing civil actions[2] unless he demonstrates that he is "under imminent danger of serious physical injury." §1915(g).

A prisoner may invoke the imminent danger exception to the §1915(g) "three strikes" provision only to seek relief from a danger which is imminent at the time the complaint is filed. In order to qualify for the imminent danger exception, the prisoner must at least raise a credible allegation that at the time he files the complaint, he is in imminent danger of serious physical harm. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); White v. State of Colorado, 157 F.3d 1232 (10th Cir. 1998) (citing Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), overruled on other grounds). Allegations that the inmate has faced imminent danger in the past or has suffered past injuries are insufficient to trigger the §1915(g) exception. See Abdul-Akbar, 239 F.3d 307 (being sprayed once with pepper spray not imminent danger); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger).

Perry does not demonstrate that he is at any imminent risk of serious physical harm related to his claims against the Sussex II officers. He alleges that as a result of the May 2007 bus accident, he sustained "head and neck trauma causing pain and chronic headaches, blurred vision, loss of

---

[2]This fee is set by statute. See 28 U.S.C. § 1914(a).

balance, possible whiplash, ankles in chronic pain, lower back in chronic pain, [aggravated] spinal lumbar arthr[itis], [and] possible spinal injuries." He allegedly reported to Officer Friend that he had been injured and needed medical assistance, and Friend told him, "Nigger, you ain't hurt that bad." Even if Perry could prove that these alleged injuries occurred in May 2007 and imminently threatened him at that time with pain and disability, he cannot recover for such past injuries. Perry is now housed at Wallens Ridge State Prison (WRSP) in Big Stone Gap, Virginia. He does not allege that he has no access to medical treatment for these conditions at his current institution. Thus, the court concludes that he does not make a credible allegation of any imminent danger of serious physical harm posed by the state of his alleged medical conditions at present and so also finds that he has not met the danger requirement of § 1915(g). As Perry thus cannot proceed without prepayment of the filing fee and as he submitted no payment with this complaint, the court cannot find that transfer of his case to the Eastern District would serve the interests of justice and will instead dismiss the case without prejudice, pursuant to § 1915(g). Such dismissal leaves Perry free to file his complaint in the Eastern District Court, provided that he satisfies the requirements of the statute.

Finally, to the extent that Perry intends to bring claims under the VTCA, such claims under state law are not independently cognizable under § 1983. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). As the court will dismiss any possible federal claims under § 1915(g), the court also declines to exercise supplemental jurisdiction over Perry's state law claims, pursuant to 28 U.S.C. § 1367(c), and will dismiss them without prejudice as well. An appropriate order shall be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 27th day of February, 2008.

*James C. Turk*
Senior United States District Judge